Case 3:98-cv-00455-RCJ-WGC   Document 92   Filed 05/17/13   Page 1 of 3



```
            FILED              RECEIVED
            ENTERED             SERVED ON
                       COUNSEL/PARTIES OF RECORD

                    MAY 17 2013

              CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
         BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PHILLIP JACKSON LYONS,

      Petitioner,

vs.

JACKIE CRAWFORD, *et al.*,

      Respondents.

3:98-00455-RCJ-WGC

**ORDER**

On August 30, 2004, the court denied petitioner's first amended petition for writ of habeas corpus (ECF #68), and judgment was entered (ECF #69). Before the court is petitioner's motion for relief from order and judgment (ECF #90).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

Petitioner now argues that he should be relieved from judgment pursuant to the United States Supreme Court's decision in *Martinez v. Ryan,* 132 S. Ct. 1309 (2012) (ECF #90). Prior to the denial of his first amended petition on the merits, petitioner filed a notice of voluntary abandonment of his unexhausted claims (ECF #49). He later moved to rescind the abandonment of these claims after the Nevada Supreme Court affirmed the dismissal of his second postconviction habeas petition (ECF #51). But this court denied his motion, noting that the claims would also be procedurally barred in any event (ECF #54). Petitioner contends that because the Court held in *Martinez v. Ryan* that ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's default of a claim of ineffective assistance at trial, this court should revisit certain of his claims. However, the Ninth Circuit Court of Appeals has held that *Martinez* did not announce a new rule of constitutional law and is not retroactive. *Buenrostro v. U.S.,* 697 F.3d 1137, 1139-1140 (9th Cir. 2012) ("*Martinez* cannot

form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law"). Accordingly, petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's orders denying his motion to rescind his formal declaration of abandonment of unexhausted claims or denying his first amended petition should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from order and judgment (ECF #90) is **DENIED.**

Dated this 17th day of May, 2013.

UNITED STATES DISTRICT JUDGE